Barrows, J.
The plaintiff sues to recover, by virtue of the provisions of the fourth section of chapter 125 of the Revised Statutes, one moiety to the use of himself, and the other for the city of Lewiston, treble the amount of certain moneys lost and paid by one John W. McDuffee to the defendant, in betting upon horse races.
The suit was not commenced until more than one year had elapsed after the last transaction alleged in the writ between the defendant and McDuffee occurred.
The defendant relies upon R. S., c. 81, § 90, which provides that “all actions and suits for any penalty or forfeiture on any penal statute brought by a person to whom the penalty or forfeiture is given in whole or in part, shall be commenced within one year after the offence was committed.” But the plaintiff insists that the penalty imposed upon the winning gambler is provided in the third section of chapter 125, and that the fourth section must be deemed remedial only, as otherwise the offender would be liable to be twice punished, contrary to fundamental law; and therefore, he claims that this action of the case given by § 4, is subject only to the six years’ limitation provided in R. S., c. 81, § 79. We think otherwise. It is true, that part of the section which gives the loser an action to recover his money or goods was held in Ellis v. Beale, 18 Maine, 337, to be remedial; but the remaining portion which authorizes any person to prosecute the winner in a qui tarn action *12 for treble the amount of his unlawful gains, in ease the loser does not, within three months, avail himself of his right to retrieve his loss, is purely and distinctly penal; and such action comes directly within the purview of R. S., c. 81, § 90.
The plaintiff does not sue to compel payment of any debt due to himself, or for the redress of any wrong done to himself; but simply to enforce a pecuniary penalty against a wrongdoer, which must be done in the mode and time prescribed by the statute, or not at all. Plaintiff nonsuit.
Appleton, C. J., Walton, Dickerson, Yiegin and Peters, JJ., concurred.